QUESTION: Do the City of Tallahassee and Leon County have authority to enforce their ordinances within the Florida Capitol Center Planning District?
SUMMARY: Subject to the general rule that the police power of a municipality or county cannot be enforced against the state, its agencies, or its property, the City of Tallahassee and Leon County may enforce their respective ordinances within the Florida Capitol Center Planning District, with the following limitations: Municipal and county rules, regulations, ordinances, or orders regulating development within the district may be enforced only if they were enacted or adopted prior to March 3, 1972, and have not been superseded by regulation or order of the Capitol Center Planning Commission. Other municipal ordinances which are or may be made applicable to the district may be enforced unless or until they are superseded or repealed by ordinance, rule, or regulation of the Division of Building Construction and Maintenance. The general rule, as noted in AGO 071-203A, is that . . . the police power of a municipality or county respecting matters such as building codes, the sale or use of alcoholic beverages, licensing or other regulatory ordinances and the like, cannot be enforced against the state — its agencies and its property — in the absence of an act of the state legislature manifesting a legislative intent to waive the state's immunity from such local regulation. . . . Local ordinances that do not affect the state or its property as such, but are applicable to and affect the conduct of individuals in their private capacity may be enforced without regard to where a violation of such ordinance was committed — whether on or off state property. Subject to the qualifications discussed below derived from Ch. 272, F.S., the above-quoted rule is applicable within the Florida Capitol Center Planning District with respect to ordinances of the City of Tallahassee and Leon County. Turning first to the question of the authority of the City of Tallahassee, it should be noted that s. 272.15(2), F.S., provides that "[a]ll ordinances of the city of Tallahassee, which may be made applicable to the said capitol center area are hereby made applicable thereto." And s. 272.14(1), F.S., provides that "[p]olice officers of the city of Tallahassee, shall be ex officio police officers of the capitol center area and may enforce rules, regulations, ordinances and statutes applicable to the said capitol center area." Accordingly, subject only to the general immunity of the state, its agencies and its properties, from municipal regulation and the limitations noted below, the City of Tallahassee has full statutory authority to enforce within the Florida Capitol Center Planning District all of its ordinances which are or may be made applicable to such district. One limitation upon the foregoing authority is in the area of planning and zoning for development within the district. The only "rules, regulations, ordinances or orders" of the City of Tallahassee regulating development in the Capitol Center area which may be enforced are those which were in effect on March 3, 1972, the effective date of Ch. 72-13, Laws of Florida [s. 272.12(4), F. S.]; and these may be enforced only in the absence of a similar regulation or order of the Capitol Center Planning Commission, which commission is constituted under s. 272.12(2)(c) as the "sole planning and zoning authority within the district." The other limitation upon the authority of the City of Tallahassee to enforce its ordinances within the capitol center area is found in subsections (1) and (2) of s. 272.15, F.S. Subsection (1) authorizes the Division of Building Construction and Maintenance of the Department of General Services, "with the approval of the city commission of the city of Tallahassee," to enact such ordinances, rules, and regulations. . . . as may be necessary for the preservation of public peace and order, the regulation of traffic within the said capitol center area, and the protection and preservation of the property of the state and its agencies. . . . And subsection (2) stipulates that all ordinances of the City of Tallahassee "which may be made applicable to the said capitol center area" are made applicable thereto, . . . unless and until otherwise provided by the division of building construction and maintenance, or superseded or repealed by ordinances, rules or regulations enacted pursuant to subsection (1) above. (Emphasis supplied.) Turning now to the question of the authority of Leon County to enforce county ordinances within the Florida Capitol Center Planning District: The enforcement of such ordinances is also limited by the provisions of subsections 272.12(2) and (4), supra. The first of these subsections, as noted above, designates the Capitol Center Planning Commission as the sole planning and zoning authority within the capitol center area. The second subsection provides that the only county rules, regulations, ordinances, and orders regulating development within the capitol center planning district which shall remain in effect within the district are those which were in effect on the effective date of that subsection (March 3, 1972); and such rules, regulations, ordinances, and orders shall remain in effect only until superseded by regulation or order of the Planning Commission. Therefore, Leon County has authority to enforce county ordinances within the Florida Capitol Center Planning District except: Rules, regulations, ordinances, and orders regulating development within the planning district adopted or enacted prior to March 3, 1972, which have been superseded by regulation or order of the Capitol Center Planning Commission and any such development rules, regulations, ordinances, or orders adopted or enacted subsequent to March 3, 1972. It should also be noted that, with respect to the issuance of building permits by either the City of Tallahassee or Leon County, s. 272.12(3), F.S., provides: Upon the adoption by the planning commission of a plan for development within the district, or upon the adoption by the planning commission of an order to the City of Tallahassee and to Leon County, no building permit may be issued by the City of Tallahassee or Leon County for any development proposal within the district unless the development proposal is first certified by the department of general services to comply with the provisions of this act. . . . Attention should also be given to the provisions of s.272.12(2)(c)1., F.S., which require that the Capitol Center Planning Commission obtain the concurrence of the City Commission of the City of Tallahassee and the Leon County Commission to any zoning regulation adopted by the planning commission "which alters, modifies, or changes any existing rights of way or easements."